IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROBERT ROE,** an individual proceeding
under a pseudonym,

             Plaintiff,

             v.

**ROMAN CATHOLIC ARCHBISHOP
OF PORTLAND IN OREGON, AND
SUCCESSORS, A CORPORATION
SOLE,** an Oregon corporation, dba
**ARCHDIOCESE OF PORTLAND IN
OREGON; ARCHDIOCESE OF
PORTLAND IN OREGON,** an Oregon
corporation**,**

             Defendant.

No. 3:13-cv-01930-MO

OPINION AND ORDER

             **MOSMAN, J.**,

On December 12, 2014, Defendant filed a Motion for Entry of Protective Order Regarding Plaintiff's FRCP 30(b)(6) Topics [36]. Defendant argues that Plaintiff's FRCP 30(b)(6) topics impose an undue burden, lack particularity, seek protected work product, or seek discovery that is cumulative.

FRCP 30(b)(6) allows a party to designate an organization as a deponent. The organization must then designate one or more persons to testify on its behalf regarding the matters previously noticed for examination. The person(s) must testify about information known or reasonably available to the

1 – OPINION AND ORDER

organization. In other words, the organization has no duty to go to herculean efforts to create a representative with knowledge of certain topics, but if a person with knowledge of the noticed topics exists or if that knowledge is reasonably available, the organization must produce a person for a live deposition.

Defendant first objects to Plaintiff's request to depose someone with:

- Knowledge of the practices of parish pastors in administering, managing, and/or operating small parishes in the 1970s, particularly knowledge of the operations of Our Lady of Victory in Seaside, Oregon, if one is available for that parish.

- Knowledge of the practices of priests in the 1960s through 1980s for ministering to those who did not attend church regularly or at all—particularly but not limited to ministry to children in a public school setting.

Discovery Order [Ex. 7] at 2. Defendant argues there are no official documents related to these polices, and it would be too burdensome and unreliable to gather this information from individual pastors who worked in the relevant time period. FRCP 30(b)(6) does not require Defendant to create someone with this knowledge, but rather only requires Defendant to find someone with this knowledge or to whom this knowledge is reasonably available. It appears as though Defendant does not have anyone who has knowledge of these topics nor to whom knowledge regarding these topics is readily available. I therefore GRANT Defendant's motion relating to these topics.

Defendant next objects to Plaintiff's request to depose someone with:

- Knowledge of Fr. Grammond's personnel file, and any reports received by the Archdiocese or Archdiocese personnel alleging child abuse or suspected child abuse by Fr. Grammond prior to 1979.

- Knowledge of the documents the Archdiocese has produced in this litigation, including testimony to establish the foundation, authenticity, and admissibility of such documents and including where the documents were discovered and how they were maintained and kept by you.

- Knowledge of the documents produced by the Archdiocese subject to the 'Attorney's Eyes Only' designation and the information, reports, documents, and procedures contained or described therein.

*Id.* at 3. Defendant argues these topics (1) lack reasonable particularity, and (2) would impose upon it the undue burden of educating a witness for each of these topics. As stated above, FRCP 30(b)(6) only requires Defendant to produce an individual with knowledge of the noticed topics, or an individual to whom knowledge of those topics is reasonably available. Defendant's motion is therefore GRANTED in part and DENIED in part. Knowledge of Fr. Grammond's personnel file, and knowledge of "Attorney's Eyes Only" documents are topics reasonably available to Defendant. Therefore, Defendant does have an obligation to produce an individual to be deposed on those topics. If that individual is asked questions about documents that Defendant feels qualify as protected work product, Defendant can so object during the deposition. Defendant does not, however, have the obligation to educate someone regarding all of the documents that Defendant has produced in this litigation. If such a person exists, they must be produced, but Defendant is not required to create someone to be deposed regarding this topic.

Defendant next objects to Plaintiff's request to depose someone with:

- Knowledge of child abuse policies in place in the Archdiocese between 1970 and 1980.

- Knowledge of the Archdiocese's policies and procedures between 1970 and 1980 for uncovering sexual abuse of children by your employees or agents, your policies and procedures for investigating complaints of sexual abuse of children, and your policies and procedures for preventing abuse by those known or suspected of prior child abuse such as Fr. Grammond.

*Id.* Defendant objects that all of this information is already publicly available. This objection is without merit. The fact that information is publicly available does not strip Plaintiff of his FRCP 30(b)(6) right to depose Defendant's representative. If there is someone in Defendant's organization with this knowledge or this knowledge is reasonably available, an individual must be produced to be deposed. Defendant's motion is therefore DENIED with respect to these topics.

Defendant next objects to Plaintiff's request to depose someone with:

- Knowledge of the Archdiocese's efforts between 1970 and 1980 to ensure it made its premises safe from known dangers to invitees, including the known dangers of child molesting priests, as well as efforts to protect children from the danger of being sexually

abused by employees or agents of the Archdiocese. This topic includes, but is not limited to, hiring, retaining, supervising, and transferring any individuals who interacted with children in their capacity as an agent or employee of the Archdiocese.

*Id.* Defendant argues this topic is overbroad and argumentative. I disagree. If Defendant has an individual with this knowledge, or if this knowledge is reasonably available to Defendant, it must produce an individual to be deposed on this topic. Defendant's motion is therefore DENIED with respect to this topic.

Finally, Defendant objects to Plaintiff's request to depose someone with:

- Knowledge of the allegations of child abuse against various priests of the Archdiocese from the early 1950s through 1978.

This topic does appear to be sufficiently large that no one person would have this knowledge, nor would Defendant be under the obligation to educate someone with all of this knowledge. If Defendant has an individual with this knowledge, it must produce that individual to be deposed on this topic. If Defendant does not have an individual with this knowledge, it is not required to produce an individual to be deposed on this topic. Defendant's motion [36] is therefore GRANTED in part and DENIED in part with respect to this topic.

IT IS SO ORDERED.

DATED this 10th day of February, 2015.


 /s/Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

4 – OPINION AND ORDER