**Kristian Roggendorf, OSB #013990**
kr@roggendorf-law.com
ROGGENDORF LAW LLC
5200 Meadows Road, Suite 150
Lake Oswego, OR  97035
Phone: 503-726-5927
Fax: 503-726-5911

*Of Attorneys for Plaintiff Robert Roe*

**Michael T. Pfau, WASB # 24649**  (admitted *pro hac vice*)
michael@pcvalaw.com
**Jason P. Amala, WASB # 37054** (admitted *pro hac vice*)
jason@pvcalaw.com
PFAU COCHRAN, VERTETIS, AMALA, PLLC
403 Columbia Street, Suite 500
Seattle, WA  98104
Phone: 206-462-4334
Fax:  206-623-3624

*Of Attorneys for Plaintiff Robert Roe*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROBERT ROE, an individual proceeding under a pseudonym,<br><br>                              Plaintiff,<br><br>        v.<br><br>ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, AND SUCCESSORS, A CORPORATION SOLE, an Oregon Corporation, d/b/a ARCHDIOCESE OF PORTLAND IN | Case No.: 3:13-cv-01930-MO<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL** |

Page 1    **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL**



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Roggendorf Law LLC
5200 Meadows Road, Suite 150
Lake Oswego, OR 97035
Phone: (503)726-5927| Fax: (503)726-5911

OREGON; ARCHDIOCESE OF
PORTLAND IN OREGON, an Oregon
Corporation,

                            Defendants.

## INTRODUCTION

As the Defendants acknowledge, their Motion to Compel addresses the same issues raised in Plaintiff's motion for a protective order filed on January 27, 2015. The Plaintiff therefore incorporates by reference the facts and arguments raised by Plaintiff in the motion for protective order herein.[1] The Defendants' Motion should not only be denied, but it highlights why the Court should grant Plaintiff's pending motion for a protective order.

As noted in the motion for protective order, Defendants seek a third deposition session of Plaintiff, after Plaintiff voluntarily agreed to a second session that included time beyond that mandated by the rules—in all Plaintiff was subjected to just shy of nine and a half hours (9.483 hours to be precise) of actual questioning on the record. Defendants hang their hat for a second deposition on a single doctor's visit in 2005 discussing Plaintiff's physical abuse as a child by his stepfather (an issue explored in the prior deposition sessions, albeit without that lone medical record), and a single visit in 2014 that had nothing whatsoever to do with "treatment" for child abuse—it was a drug abuse advisory session pursuant to a pain medication prescription. Neither of these omissions—inadvertent as they were in the first place—warrant another, unlimited deposition session, let alone one for which Plaintiff must pay fees and costs.

---

[1] *See* Plaintiff's Motion for Protective Order and the Declaration of Kristian Roggendorf submitted in support thereof, filed on January 27, 2015.

**PLAINTIFF'S RESPONSE
TO DEFENDANTS'
MOTION TO COMPEL**

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Roggendorf Law LLC
5200 Meadows Road, Suite 150
Lake Oswego, OR 97035
Phone: (503)726-5927| Fax: (503)726-5911

Defendants also demand complete access to Plaintiff's entire Facebook account (the only social media he has of any relevancy)—tellingly, not merely public Plaintiff's postings and photos, but all private messages and those photos.  As Plaintiff stated in his motion for protective order (incorporated here by reference), Plaintiff has already produced the limited amount of material responsive to requests for communications related to either Fr. Grammond or Plaintiff's abuse, as well as any communication in which he attributes any emotional or psychological problems to the abuse by Fr. Grammond—communications which Defendants were shown during Plaintiff's second deposition session and now have in hand, no less.  As noted by Plaintiff in the motion for protective order, the remainder of Plaintiff's Facebook profile has nothing else discussing any abuse of Plaintiff by any priest, including Fr. Grammond, or any damages he attributes to that abuse.  The sheer volume of material in the profile precludes searching by anything other than key words, and therefore Defendants' request is not only an invasion of Plaintiff's privacy in matters unrelated to his claim, but also unduly burdensome beyond searching for a specific set of relevant terms which counsel has done with respect to terms like "Grammond," "priest," and "abuse," (and their alternate spellings) as well as witness names.  Any searching without narrowing for such terms is not only an invasive fishing expedition, but also incredibly burdensome.

## ARGUMENT IN OPPOSITION

Defendants' motion should be denied for three reasons.  First, there is no good reason for a third deposition session that would stretch into over ten to sixteen hours of total on-record deposition time, simply for the omission of a single doctor visit in 2005 and a pain medicine consultation in 2014.  Such a "gotcha" response to inadvertent (and in part irrelevant) omissions serve no justifiable litigation purpose, and no cause whatsoever exists to broaden the scope of any

<table>
<tr><td>Page 3</td><td><strong>PLAINTIFF'S RESPONSE<br>TO DEFENDANTS'<br>MOTION TO COMPEL</strong></td><td><br>A Professional Limited Liability Company<br>911 Pacific Avenue, Suite 200<br>Tacoma, WA 98402<br>Phone: (253) 777-0799  Facsimile: (253) 627-0654</td><td>Roggendorf Law LLC<br>5200 Meadows Road, Suite 150<br>Lake Oswego, OR 97035<br>Phone: (503)726-5927| Fax: (503)726-5911</td></tr>
</table>

new deposition session beyond whatever records were inadvertently omitted.  Second, Defendant's request for sanctions is ill-considered and not justifiably related to the nature of any intentional discovery conduct.  Third, the demand for a person's entire Facebook profile is prima facie overbroad and unreasonable.  Life is being led increasingly online, and to allow complete, unfettered access into one's online life is no different from allowing a defendant in litigation to pore through every letter received at a mailbox and record every conversation a person makes on a telephone.  Discovery—even in emotional damages cases—is not that broad.

**First**, Defendants fail to meet the high burden of establishing why good cause exists to compel Plaintiff to appear for a third deposition.  *See Lobb v. United Air Lines, Inc.*, 2 F.3d 1157 (9th Cir. 1993) ("repeat depositions are disfavored") (citation omitted); *see also Cuthbertson v. Excel Indus., Inc.*, 179 F.R.D. 599, 605 (D. Kan. 1998) ("The court rarely grants the opportunity for a second deposition.").  Although the former rules of civil procedure allowed for unlimited oral depositions, the revised rules now provide that repeat depositions must be denied where the discovery is "(1) unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive; (2) the person seeking discovery has had ample opportunity already to obtain the information sought; or (3) the burden or expense of taking the discovery outweighs its likely benefit."  *Hurley v. JARC Builders, Inc.*, 164 F.R.D. 39, 40 (E.D. Pa. 1995).   Defendants have currently had nearly nine and a half hours on the record with Plaintiff.  *See* Declaration of Kristian Roggendorf, ¶ 3.

Defendants fail to show how a third deposition is a "more convenient, less burdensome, or less expensive" form of discovery than either Plaintiff's supplemental written discovery responses or a deposition upon written questions.  FRCP 26(b)(1).  Defendants also fail to show why a third



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Roggendorf Law LLC
5200 Meadows Road, Suite 150
Lake Oswego, OR 97035
Phone: (503)726-5927| Fax: (503)726-5911

deposition is not "unreasonably cumulative or duplicative," given that the information sought has already been provided as part of Plaintiff's supplemental written responses. FRCP 26(b)(1). Further, the Defendants fail to explain why the use of two prior depositions and multiple sets of written discovery does not constitute an "ample opportunity by discovery" to obtain the information sought. As courts have routinely recognized, "the right of a party to obtain discovery is not unlimited." *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995); *Owens v. Kershaw*, 56 F. App'x 366, 367 (9th Cir. 2003) ("Because the record shows that Owens conducted extensive discovery to which the defendants responded, the district court did not abuse its discretion by denying Owens's motions to compel discovery."). Finally, Defendants nowhere justify their request for an open-ended, unlimited additional day of questioning of Plaintiff. While they would undoubtedly wish to keep deposing Plaintiff up until trial, the Rules do not contemplate continuing, unlimited depositions on any subject that might arise—particularly when Defendants specifically shoes to depose Plaintiff the second time prior to the response date for their second batch of written discovery. *See* Declaration of Kristian Roggendorf, ¶ 5.

The factors under FRCP 26(b)(1) therefore weigh strongly in favor of denying Defendants' motion to compel Plaintiff to appear for a third deposition.

**Second,** the Defendants' request for sanctions is completely unwarranted given that the very small amount of information at issue was not intentionally or otherwise improperly withheld, and some of it does not even fall within Defendants' requests. Defendants cite no authority, nor could they, in support of their contention that sanctions are warranted under these circumstances, particularly where the Defendants elected to take Plaintiff's deposition prior to gathering all of Plaintiff's records and the Defendants would have incurred the same fees and costs if they had



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Roggendorf Law LLC
5200 Meadows Road, Suite 150
Lake Oswego, OR 97035
Phone: (503)726-5927| Fax: (503)726-5911

asked about these few topics during Plaintiff's first or second deposition. The history of cooperation in this case belies the notion that Plaintiff or counsel has intentionally acted to hide or play games with information—for instance, Plaintiff's counsel not only agreed to allow questioning beyond the seven hours allowed under the rules, but also provided discovery that was not yet due during the second deposition session so that the deposition would not be delayed with an extended period of work history questions. *See* Declaration of Kristian Roggendorf, ¶¶ 2, 4, 6.

Accordingly, Defendants' request that Plaintiff bear the cost and expense of their proposed third deposition should be rejected.

**Third**, Defendants' motion to compel the disclosure of Plaintiff's entire social networking account should be denied because the Plaintiff has already provided, and agreed to provide, information that is reasonably calculated to lead to the discovery of admissible evidence: (1) any discussion of Fr. Grammond, (2) any details of the sexual abuse that he suffered, and (3) any instances of Plaintiff attributing any injuries to the abuse. Not only has Plaintiff already provided such documents to Defendants, but Plaintiff also agreed to review his social media account using search terms chosen by the parties in order to produce any additional documents that are potentially relevant to Plaintiff's claim. To date, however, Defendants have not only refused to narrow the scope of their overly broad requests, but also refuse to propose search terms.

As with discovery in general, social media is discoverable to the extent it is adequately tailored to satisfy the relevance standard. Accordingly, the "proper method for obtaining such information ... is to serve upon Plaintiff properly limited requests for production of *relevant* email [or social network] communications." *Mackelprang v. Fidelity National Title Agency of Nevada, Inc.*, 2007 WL 11949 at *8 (D. Nev.). The relevance of social network communications is

Page 6    **PLAINTIFF'S RESPONSE
TO DEFENDANTS'
MOTION TO COMPEL**


PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Roggendorf Law LLC
5200 Meadows Road, Suite 150
Lake Oswego, OR 97035
Phone: (503)726-5927| Fax: (503)726-5911

determined by the "substance of the communication" rather than "the simple fact that a claimant has *had* social communications." *E.E.O.C. v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 435 (S.D. Ind. 2010). The Defendants in this case never made an attempt "to serve upon Plaintiff properly limited requests." *Mackelprang*, 2007 WL 11949 at *8. Despite Plaintiff's offer and willingness to work with Defendants to narrow their overly broad request for all communications indicating Plaintiff's "interest in people, places, things, or issues," Defendants still made no attempt to particularize their requests to the circumstances of this case and rejected Plaintiff's attempt to do so by use of search terms. Defendants' opposition to the use of search terms is particularly unreasonable given the sheer volume of Plaintiff's Facebook messages, which means the only reasonable way to search through them is by keyword. Plaintiff's voluntary search by particularly relevant keywords, along with Plaintiff's declaration in the motion for protective order, indicates there is nothing more of relevance to be found in Plaintiff's Facebook account discussing Plaintiff's allegations against Fr. Grammond or attributing damages thereto. *See* Declaration of Kristian Roggendorf, ¶ 4, 5.

Broad sweeping requests for social media profiles and communication, like those propounded by Defendants, have been resoundingly rejected by courts. *See Giacchetto v. Patchogue-Medford Union Free Sch. Dist.*, 293 F.R.D. 112, 115 (E.D.N.Y. 2013) ("The fact that an individual may express some degree of joy, happiness, or sociability on certain occasions sheds little light on the issue of whether he or she is actually suffering emotional distress. If the Court were to allow broad discovery of Plaintiff's social networking postings as part of the emotional distress inquiry, then there would be no principled reason to prevent discovery into every other personal communication the Plaintiff had or sent since alleged incident."); *Kennedy v. Contract Pharmacal Corp.,* No. 12–CV–2664, 2013 WL 1966219, at *2 (E.D.N.Y. May 13, 2013) (denying



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Roggendorf Law LLC
5200 Meadows Road, Suite 150
Lake Oswego, OR 97035
Phone: (503)726-5927| Fax: (503)726-5911

motion to compel "all documents ... reflecting and/or regarding Plaintiff's expression of an emotional feeling while utilizing a social networking site" where there was no specificity to the requests and no effort to limit requests to any relevant acts alleged in the action); *Holter v. Wells Fargo and Co.,* 281 F.R.D. 340, 344 (D.Minn.2011) ("While everything that is posted on a social media website is arguably reflective of a person's emotional state [the court] would not allow depositions of every friend and acquaintance to inquire about every conversation and interaction with plaintiff.").

The Court in *Simply Storage*—a case Defendants seek to rely on for the proposition that Plaintiff's claim for emotional damages warrants complete disclosure -- stated, "the simple fact that a claimant has *had* social communications is not necessarily probative of the particular mental and emotional health matters at issue in the case." *Simply Storage*, 270 F.R.D. at 435.[2]  Notably, *Simply Storage* rejected the assertion made by Defendants that the production of Plaintiff's entire social networking account is warranted because "attempting to parse out all the ways in which plaintiff's posting could lead to the discovery of admissible evidence is all but impossible."  To the contrary, *Simply Storage* said that although "the contours of social communications relevant to a claimant's mental and emotional health are difficult to define, that does not mean that everything must be disclosed." *Id.* at 434.  Indeed, courts have repeatedly rejected that reasoning and concluded that a party's counsel is fully capable of determining what information falls within the scope of a discovery order limiting the production of a party's social networking content. *See Robinson*, No. 3:12-CV-00127-PK, 2012 WL 3763545 at *2 ("As *Simply Storage* recognized, it is

---

[2] As this Court previously recognized, *Simply Storage* is "[t]he most frequently cited and well-reasoned case addressing the discoverability of social media communications involving emotional distress." *Robinson v. Jones Lang LaSalle Americas, Inc.*, No. 3:12-CV-00127-PK, 2012 WL 3763545, at *1 (D. Or. Aug. 29, 2012).

Page 8    **PLAINTIFF'S RESPONSE
TO DEFENDANTS'
MOTION TO COMPEL**



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Roggendorf Law LLC
5200 Meadows Road, Suite 150
Lake Oswego, OR 97035
Phone: (503)726-5927| Fax: (503)726-5911

impossible for the court to define the limits of discovery in such cases with enough precision to satisfy the litigant who is called upon to make a responsive production. Nevertheless, the court expects counsel to determine what information falls within the scope of this court's order in good faith and consistent with their obligations as officers of the court.").

Defendants' reliance on *Bass v. Porter's School*, 2009 WL 3724968 (D. Conn. 2009), for the production of Plaintiff's entire social network profiles is misleading—especially given Defendants' simultaneous reliance on *Simply Storage*. The court in *Simply Storage* actually distinguished the *Bass* case "because the defendant [in Bass] had served discovery requests much narrower than those Simply Storage had served." *Id*. at 434. More specifically, the "defendant in Bass had not asked for complete Facebook and MySpace profiles but for documents related to the plaintiffs alleged 'teasing and taunting' and those representing or relating to communications between the plaintiff and 'anyone else related to the allegations in the" complaint. *Id*. Moreover, the *Bass* case was found distinguishable because the issue was the plaintiff's under-inclusive production—not the nature or breadth of the request itself. *Id*. at 434-435. Plaintiff has done so in this case despite Defendants' insistence on complete disclosure, if only to resolve such an unnecessary dispute. An entire Facebook account is not fair game simply because a person claims emotional damages, any more than a defendant in such a case would be entitled to every one of a person's love letters they have ever penned, to show that they were capable of love and thus not really emotionally harmed.

The same distinctions noted by the court in *Simply Storage* apply here as well. Indeed, the type of sweeping requests that Defendants propounded in order to probe every corner of Plaintiff's state of mind, or find irrelevant, embarrassing material to use against him, are not countenanced by applicable case law—not even those cases cited by Defendants. The request for Plaintiff's entire

Page 9   **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL**



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Roggendorf Law LLC
5200 Meadows Road, Suite 150
Lake Oswego, OR 97035
Phone: (503)726-5927| Fax: (503)726-5911

Facebook profile should be denied in its entirety, particularly given that Plaintiff already produced the only relevant communications he could find related to Fr. Grammond or his abuse.

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel should be denied.

DATED this 11th day of February, 2015.

**ROGGENDORF LAW LLC**

s/ *Kristian Roggendorf*

Kristian Roggendorf, OSB #013990
kr@roggendorf-law.com
5200 Meadows Road, Suite 150
Lake Oswego, OR  97035
Phone: 503-726-5927
Fax: 503-726-5911

*Of Attorneys for Plaintiff Robert Roe*

**PFAU COCHRAN, VERTETIS, AMALA PLLC**

s/ *Jason P. Amala*

Michael T. Pfau, WASB # 24649  (pro hac vice)
michael@pcvalaw.com
Jason P. Amala, WASB # 37054 (pro hac vice)
jason@pvcalaw.com
403 Columbia Street, Suite 500
Seattle, WA  98104
Phone: 206-462-4334
Fax:  206-623-3624

*Of Attorneys for Plaintiff Robert Roe*

**PFAU COCHRAN
VERTETIS AMALA**
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Roggendorf Law LLC
5200 Meadows Road, Suite 150
Lake Oswego, OR 97035
Phone: (503)726-5927| Fax: (503)726-5911

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing PLAINTIFF'S RESPONSE TO

DEFENDANT'S MOTION TO COMPEL upon:

    Margaret Hoffmann, Esq.
    Thomas Dulcich, Esq,
    Andrew Lee, Esq.
    Schwabe Williamson & Wyatt PC
    1211 SW 5th Ave, Suite 1900
    Portland, OR  97204

on February 11, 2015, by filing with the Court's CM/ECF system.

    DATED this 11th day of February, 2015.

ROGGENDORF LAW LLC

s/ *Kristian Roggendorf*
_____

Kristian Roggendorf, OSB #013990
kr@roggendorf-law.com
5200 Meadows Road, Suite 150
Lake Oswego, OR  97035
Phone: 503-726-5927
Fax: 503-726-5911

Page 1    **CERTIFICATE OF SERVICE**